**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT L. WINSTON, | ) | |
| | ) | |
| Plaintiff, | ) | 10-CV-8212 |
| | ) | |
| vs. | ) | |
| | ) | JUDGE BUCKLO |
| MATHEW O'BRIEN et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT O'BRIEN'S RENEWED MOTION**
**FOR JUDGMENT AS A MATTER OF LAW**

Defendant, Chicago Police Officer Mathew O'Brien ("O'Brien"), by and through his attorneys, Leinenweber, Baroni & Daffada, LLC, pursuant to Fed. R. Civ. P. 50(b), respectfully requests that this Court enter judgment as a matter of law in favor of O'Brien on the basis of qualified immunity. In support of this motion, O'Brien state as follows:

**BACKGROUND**

The Plaintiff claimed O'Brien used excessive force in violation of the Fourth Amendment of the United States Constitution when O'Brien used a taser on him while he was handcuffed in the lock up area of the police station. (Winston Transcript 8:9-13, November 26, 2012 attached as Exhibit A and incorporated herein by reference). The Plaintiff further alleged that after being tasered, both O'Brien and Defendant Chicago Police Officer Nicholaus Yates ("Yates") punched him multiple times to his back and head while he was on the ground. (Winston Tr. 53:10-16, November 26, 2012).

On November 27, 2012, O'Brien filed their Motion for Judgment as a Matter of Law under Fed. R. Civ. Pro. 50(a) in open court requesting that this Court rule that Defendant Officers be granted qualified immunity as a matter of law. This Court denied Defendant's Motion without prejudice and allowed Plaintiff's claims to be decided by the jury. (Winston Tr., 253:8-10  On November 27, 2012, the jury returned a verdict in favor of the Plaintiff against O'Brien on the claim of excessive force; however, found against Plaintiff and in favor of Yates on the claim of excessive force. (ECF, Dkt. 89). The jury awarded nominal compensatory damages of $1 and $7,500 in punitive damages against O'Brien. Id. This Court entered the judgment on November 27, 2012. Id.

By finding in favor of Defendant Yates, the jury rejected allegations of the officers beating the Plaintiff and found the evidence presented dispositive that no beating occurred after the Plaintiff was tasered. Thus, the jury verdict in respect to the judgment in favor of Yates suggests that the judgment against O'Brien was solely based on the tasering of the Plaintiff in the lock up. The distinction between the use of a taser on the Plaintiff and any allegations of a subsequent beating is of significance in considering qualified immunity.

First, there was no dispute that Plaintiff was tasered as a result of his physical contact with O'Brien. Yates and O'Brien testified that the Plaintiff used his shoulder and elbow to strike O'Brien and then spit in O'Brien's face while O'Brien was in the process of unlocking the Plaintiff from handcuffs to process him into lock up. (O'Brien Tr. 182:11-14, November 26, 2012). O'Brien testified that his commander compelled him go to the hospital for tests related to the spit in his eye (O'Brien Tr. 138:21-24, November 26, 2012), and Yates confirmed that he drove O'Brien to the hospital. (Winston Tr. 250:7-12, November 26, 2012).

2

On the other hand, although Plaintiff recanted his guilty plea for aggregated battery to O'Brien, in which he admitted under oath to striking and spitting on O'Brien (Winston Tr. 63:1-10, November 26, 2012), at trial he concedes striking O'Brien but that it occurred as he "fell" backwards into him. (Winston Tr. 106:10-12, November 26, 2012). This is a distinction without a difference. Under either account, O'Brien had a reasonable belief of a threat to his safety and others that justified using the taser to bring the Plaintiff into compliance. Such is borne out by the undisputed evidence that Plaintiff had been combative and making verbal and physical threats to the officers the entire time he was in custody, and in particular in the seconds leading up to the tasering. (Winston Tr. 49:23-24, November 26, 2012).

Relevant testimony at trial centered around two key issues: (1) whether the Plaintiff had been released from the handcuffs at the time of the assault on O'Brien, and (2) whether O'Brien could have deployed multiple strikes of the taser on the Plaintiff within one discharge. By all accounts, the evidence was that O'Brien used a taser on the Plaintiff for a maximum of five seconds. (Winston Tr. 57:2-3, November 26, 2012). The jury found no credible evidence that the Plaintiff suffered any physical harm or financial loss as a result of O'Brien deploying the taser on the Plaintiff.

## ARGUMENT

### I.    Legal Standards

Federal Rule 50(b) permits a party to renew its Rule 50(a) motion asking for judgment as a matter of law and to file at the same time an alternative motion for a new trial pursuant to Rule 59. Rule 59(a) provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."

A judgment as a matter of law "allows the trial court to remove cases or issues from the jury's consideration 'when the facts are sufficiently clear that the law requires a particular result.'" Weisgram v. Marley Co., 528 U.S. 440, 448 (2000) (quoting 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2521, p. 240 (2d ed.1995)). O'Brien asserted qualified immunity as an affirmative defense in this case. Although qualified immunity is an affirmative defense, the burden of defeating an assertion of qualified immunity rests with the plaintiff. Sparing v. Vill. of Olympia Fields, 266 F.3d 684, 688 (7th Cir. 2001) (citations omitted).

**II.    Defendant O'Brien is entitled to Qualified Immunity because a reasonable officer under the same circumstances would not have known that his actions violated clearly established law.**

Qualified immunity shields government officials from liability for the violation of an individual's federal constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800 (1982). This grant of immunity is available to state or federal employees performing discretionary functions where their actions, even if later found to be unlawful did not violate "clearly established law." Id. The defense of qualified immunity was created by the Supreme Court, replacing a court's inquiry into a defendant's subjective state of mind with an inquiry into the objective reasonableness of the contested action. A government agent's liability in a federal civil rights lawsuit now no longer turns upon whether the defendant acted with "malice," but on whether a hypothetical reasonable person in the defendant's position would have known that his actions violated clearly established law. Id.

> Qualified immunity is defeated if an official knows or reasonably should know that the action he takes within his sphere of official responsibility will violate the constitutional rights of the plaintiff, or if he takes the action with the malicious intention to cause a deprivation of constitutional rights or other injury.

Harlow v. Fitzgerald, 457 U.S. 800 (1982).

In 2001, the Supreme Court in <u>Saucier v. Katz</u>, 533 U.S. 194 (2001), established a rigid

order in which courts must decide the merits of a defendant's qualified immunity defense.

<u>Saucier</u>, 533 U.S. 194.  First, the court determines whether the complaint states a constitutional

violation.  <u>Id.</u>  If so, the next sequential step is to determine whether the right at issue was clearly

established at the time of the official's conduct.  <u>Id.</u>  The Supreme Court has subsequently

overruled <u>Saucier</u> in <u>Pearson v. Callahan</u>, 552 U.S. 1279 (2008), holding that the two-step

procedure was no longer mandatory."  <u>Id.</u> at 1279.

> We now hold that the <u>Saucier</u> procedure should not be regarded as
> an inflexible requirement and that petitioners are entitled to
> qualified immunity on the ground that it was not clearly
> established at the time that their conduct was unconstitutional . . .
> we conclude that, while the sequence set forth in <u>Saucier v. Katz</u> is
> often appropriate, it should no longer be regarded as mandatory.

<u>Pearson v. Callahan</u>, 552 U.S. 1279 (2008).

Given the recent decision in <u>Pearson</u>, the question to be answered here is whether the

right at issue was "clearly established" at the time of the official's conduct.  For a federal

constitutional right to be clearly established, the right's contours must be sufficiently clear that a

reasonable official would understand that what the official is doing violates that right.  <u>Hope v.

Pelzer</u>, 536 U.S. 730 (2002).  "The principles of qualified immunity shield an officer from

personal liability when an officer reasonably believes that his or her conduct complies with the

law." <u>Pearson</u>, 552 U.S. at 1279.

Plaintiffs may defeat a qualified immunity defense only by "point[ing] to a clearly

analogous case establishing a right to be free from the specific conduct at issue" or by showing

that "the conduct [at issue] is so egregious that no reasonable person could have believed that it

would not violate clearly established rights."  <u>Smith v. City of Chicago</u>, 242 F.3d 737, 742 (7th

Cir. 2001).  The Seventh Circuit has said that qualified immunity defense "provides ample room

for mistaken judgments" and protects all but the "plainly incompetent and those who knowingly violate the law." <u>Chelios v. Heavener</u>, 520 F.3d 678 (7th Cir. 2008) (citations omitted).

Here, the evidence at trial has shown that O'Brien reasonably understood he was acting in accordance with established Chicago Police Department policy and using reasonable force as allowed under the Fourth Amendment to the U.S. Constitution. Thus, O'Brien reasonably believed any use of such force was reasonable to provide for the officers safety and that of the Plaintiff and others in the area.

There was inconsistency in the trial testimony as to whether the Plaintiff was in handcuffs, loose of the handcuffs, or partially loose of the handcuffs when the Plaintiff made physical contact with O'Brien in the lock up area. O'Brien testified that he had put the key in the handcuffs and released the latch on at least one hand. (O'Brien Tr. 182:4-14, November 26, 2012). Yates testified that O'Brien was in the process of releasing the handcuffs but the Plaintiff was still handcuffed. (Yates Tr. 215:14-19, November 26, 2012). Furthermore, both O'Brien and Yates testified that a taser could be deployed more than once in five seconds if the trigger remained pulled. (O'Brien Tr. 158:14-25, November 26, 2012). O'Brien testified that he held the trigger one time for a maximum of five seconds. (O'Brien Tr. 49:23-24, November 26, 2012). Yates was not sure how many times the taser was applied to the Plaintiff and testified it "it could have" been more than once. (Yates Tr. 241:21-23, November 26, 2012).

Despite the different version of events leading to the physical contact with O'Brien and subsequent tasering, it was not contested that contact was made between the Plaintiff and O'Brien, and the taser was deployed for five seconds. The Chicago Police Department level of force response guidelines specifically state that taser deployment is appropriate for any active resistance by a subject including but not limited to gestures and evasive movements of the arm,

and makes no distinction whether or not the plaintiff is in handcuffs or at any stage of partial control; nor do the guidelines limit the deployment to one strike. CPD General Order G03-02-02. Exhibit B

Thus, any evidence that O'Brien used excessive force lacked the necessary element of malicious intention to deprive the Plaintiff of a constitutional right and hypothetical reasonable person in the defendant's position would not have known that his actions violated clearly established law. To the contrary, the evidence presented showed the Plaintiff to be highly explosive, which the officers testified, was a threat to their safety and others. In fact, The Plaintiff unequivocally testified that while on the way to the lock up – seconds before being tased, he told the officers that he was going to "fuck them up and find out where they live and kill them." (Winston Tr. 49:23-24, November 26, 2012). Given these circumstances, whether the Plaintiff fell backward on O'Brien, battered O'Brien with his elbow and shoulder, or spit in his face, is not relevant to the to the reasonableness of O'Brien's response because the occurrence of any one of these actions would have been sufficient justification to deploy the taser under the circumstances and/or Chicago Police Department policy. Accordingly, even if O'Brien employed the taser while the Plaintiff was in handcuffs, or deployed it more than once in five seconds, neither is sufficient to reach a conclusion that O'Brien was malicious intending to violate the Plaintiff's rights. To be sure, there was also no evidence of any intent on the part of O'Brien to harm the Plaintiff, or any willfulness or indifference to the Plaintiff's rights. In fact, the nominal compensatory damage award underscores that the Plaintiff suffered no physical or financial harm whatsoever.

"In determining whether the right alleged to have been violated was clearly established, the constitutional right must be identified in a particularized sense with respect to the

circumstances of the alleged violation." Casteel v. Pieschek, 3 F.3d 1050 (7th Cir.1993) (quoting Warlick v. Cross, 969 F.2d 303, 309 (7th Cir.1992)). A reasonable officer facing the circumstances that existed at the time O'Brien tasered the Plaintiff would not have reasonably known that the action taken in tasering the Plaintiff would violate his constitutional rights. Again, there was no dispute that the Plaintiff made physical contact with O'Brien prior to being tasered. The type of contact is irrelevant here because O'Brien had a reasonable belief under any version of the facts that the Plaintiff was a threat to his safety and the safety of others. O'Brien acted under what he believed under the circumstances to be well understood Chicago Police Department policy.

The burden of defeating an assertion of qualified immunity rests with the plaintiff. See Sparing, 266 F.3d 684, 688 (7th Cir. 2001). The Plaintiffs did not offer any evidence at trial that the O'Brien knew he was violating the law, nor did they show that the his conduct was so egregious that no reasonable person could have believed that it would not violate clearly established rights. O'Brien's judgment may have been mistaken, but the Seventh Circuit has said that is not enough to defeat qualified immunity. Chelios, 520 F.3d 678 (7th Cir. 2008). Thus, Plaintiffs have not met their burden of defeating the defense of qualified immunity.

Furthermore, both O'Brien and Yates testified that they believed under the circumstances as they understood them at the time, and based on their police academy training, that the actions taken were permissible under the United States Constitution and Chicago Police Department policy as use of reasonable force against a resisting offender. Thus, O'Brien is entitled to qualified immunity because even if the jury found a violation of the Fourth Amendment, O'Brien reasonably believed his actions did not violate clearly established law.

WHEREFORE, for the reasons stated above, O'Brien respectfully requests that this Honorable Court set aside the jury verdict against him and enter judgment as a matter of law in favor of O'Brien on the basis of qualified immunity.

Respectfully submitted,
**Leinenweber Baroni & Daffada LLC**

By: s/ James V. Daffada
James V. Daffada
Thomas More Leinenweber
Attorney for Defendants
203 North LaSalle Street 1620
Chicago, Illinois 60601
(866)786-3705

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have caused true and correct copies of this Renewed Motion for Judgment as a Matter of Law to be served on Plaintiff pursuant to Fed. R. Civ. P. 5(b)(2)(D) through the Court's Electronic Case Filing System at the electronic address appearing on record on December 25th, 2012.

s/ James V. Daffada _____
**Attorney for Defendant**

9