IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. WINSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 8218 |
| | ) | |
| v. | ) | Honorable Judge Elaine Bucklo |
| | ) | |
| O'BRIEN & YATES, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S PETITION FOR INDEMNIFICATION
AGAINST THE CITY OF CHICAGO**

Respondent, City of Chicago, ("City"), for its response to Plaintiff's Petition for Indemnification Against City of Chicago and Motion for Writ of Execution, states as follows:

**ARGUMENT**

Defendant Chicago Police Officer Matthew O'Brien was held liable to Plaintiff Robert Winston in this case after a two day jury trial. (Dkt. No. 88) The jury awarded plaintiff $1 in compensatory damages and $7,500.00 in punitive damages. (Dkt. No. 88). On June 13, 2013, this court awarded the plaintiff's attorney's fees in the amount of $187,467. (Dkt. No. 117). The City was not a defendant in the lawsuit.

Plaintiff now seeks indemnification from the City only for its attorney's fees. He does not seek indemnification of the award of punitive damages. The City submits that the plaintiff's petition is baseless and should be denied.

**A. The City is not Obligated Under Section 1988 to Indemnify Plaintiff's Attorney's Fees Because the Fees are Attributable to the Recovery of Punitive Damages.**

It is a well- established rule that punitive damages are not recoverable against a municipality in a Section 1983 lawsuit. *City of Newport v. Fact Concerts*, 453 U.S. 247, 271, 101

S. Ct. 2748 (1981). Consistent with this rule, the Seventh Circuit has also held that a municipality is not liable for attorney's fees based on a punitive damage award against an individual defendant. *Robinson v. City of Harvey, Illinois*, 617 F. 3d 915, 917 (7th Cir.2010)(City not responsible for §1988 fees based on punitive damage award). *See also, Marshall v. City of Chicago*, 550 F. Supp. 2d 839, 841 (N.D. Ill. 2008)(Shadur, J.)(City has no responsibility to pay fees and expenses attributable to any award of punitive damages). The City does not dispute that plaintiff may bring a petition under Federal Rule of Procedure Rule 69(a) to seek indemnification against the City in a supplemental proceeding to enforce a judgment even where the City was not a party to the underlying lawsuit. *See e.g. Yang v. City of Chicago*, 137 F.3d 522, 524-25 (7th Cir. 1998). However, Plaintiff's petition for indemnity completely fails to discuss or distinguish the well-established principle that a municipality has no obligation to pay attorney's fees attributable to punitive damages. The petition therefore should be denied.

**B. The City is not Obligated Under Illinois Law to Indemnify Plaintiff's Fees.**

Under Illinois law, a municipality is directed to pay judgments only for *compensatory* damages and a municipality *may* pay any *associated* attorney's fees and costs for an employee held liable while acting within the scope of his employment. 745 ILCS 10/9-102 (2002). Section 9-102 provides:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employmen is liable in the manner provided in this Article.

745 ILCS 10/9-102 (2002). There is, consequently, no basis for plaintiff to assert any claim for indemnity under an Illinois statute. Plaintiff claims that Judge Dow's decision in *Lally v. City of Chicago*, 10 C 5011, 2013 WL 1984422 at *11 provides a basis for his indemnity claim under Section 9-102. In *Lally*, however, the court did not provide any basis for its decision in light of

the *Robinson* case and did not consider the plain language of 745 ILCS10/9-102 which states that payment of attorney's fees is discretionary ("may" be paid) based on awards a*ssociated* with compensatory damages. *Lally* therefore is not decisive of plaintiff's petition.

**C. Plaintiff Cannot Assert Indemnity under the Collective Bargaining Agreement.**

Next, plaintiff asserts that Article 22 of the Collective Bargaining Agreement ("CBA") between the City and its police officers applies to attorney's fees based on an award of punitive damages (See "Agreement between the City of Chicago Department of Police and the Fraternal Order of Police Chicago Lodge No. 7," Exhibit A of Plaintiff's Petition). This argument is without merit. First, plaintiff is not a party to this agreement and has provided no jurisdictional or other basis for this court to enforce any of its provisions to his benefit. Plaintiff does not attempt to claim that he is a third party beneficiary to the agreement and cannot likely make such a claim in any event. *See, A.E.I. Music Network, Inc. v. Bus. Computers, Inc.*, 290 F.3d 952, 955 (7th Cir. 2002)("Third parties, that is, persons who are not parties to a contract, are permitted to enforce the contract if and only if the parties made clear in the contract an intention that they be permitted to do so"). Plaintiff, thus cannot support his indemnity claim under the CBA.

Moreover, in June, 2013, a similar claim for indemnification of attorney's fees under the CBA was made by plaintiff and a Chicago Police defendant against the City and declined by Judge Kendall in *Richardson v. City of Chicago*, 08 C 4824, 2013 WL 2451107 at *4 (June 5, 2013). In *Richardson*, the jury awarded $1 in compensatory damages and $3,000 in punitive damages in plaintiff's favor against a Chicago Police officer defendant in a Section 1983 lawsuit. The officer and the plaintiff asserted Article 22 of the CBA as a basis for their claim that the City should indemnity the award of attorney's fees based on punitive damages granted to plaintiff. Article 22.1 of agreement provides in part, that the City shall be responsible for, hold officers

harmless from and pay for damages or monies which may be adjudged, assessed, or otherwise levied against any officer covered by the Agreement subject to certain conditions. (See Ex. A of Plaintiff's petition). In *Richardson*, Judge Kendall adopted the Report and Recommendation of Magistrate Judge Cole and agreed that the court should refrain from deciding whether plaintiff or the officer defendant could seek indemnification from the City to pay the attorney's fee award. The court pointed out that neither plaintiff or the the officer provided a basis for the court's jurisdiction to decide the issue and stated that whether the CBA should apply was an issue for arbitration under the agreement or a suit in state court. *Richardson*, 2013 WL 2451107 at *4.

As already stated, plaintiff in this case provides no basis as to why he has standing to make any claim under the CBA or grounds for this court's jurisdiction to decide any rights under the agreement. This court should reject plaintiff's baseless assertion of the agreement and should, as did the court in *Richardson*, refrain from exercising jurisdiction over a determination that the agreement is applicable.

**D. Allegations of the City's Control of the Litigation are Irrelevant.**

Plaintiff erroneously argues that representations by O'Brien's counsel that the "City" had to be consulted about settlement or trial decisions means that the City has a legal obligation to indemnify defendant O'Brien for attorney's fees for the recovery of punitive damages. The City acknowledges that it is required under 745 ILCS 10/9-102 to indemnify defendant for any award of compensatory damages to plaintiff and may have been obligated to indemnify attorney's fees and costs associated with an award of compensatory damages. The City was also required to pay for defendant's counsel and, therefore, in these respects, the City rightfully had a voice in decisions affecting the course of the litigation. At no time, however, did counsel for O'Brien

4

represent that the City was acquiescing to pay punitive damages or attorney's fees for these damages on behalf of the defendant.

Plaintiff wrongly asserts this court's decision of June 13, 2013 (Dkt. 117) granting plaintiff's attorney's fees, as a basis for claiming that this court "appeared to believe" that the City was liable for the fee award. (Plaintiff's petition at ¶7). In its Memorandum Opinion and Order, this court cited *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1677 (2010) in reference to its discussion of why hourly rates for attorney's fee are effectively "capped" in civil rights litigation. (*See* Mem. Op. and Order, Dkt. 117, at pp.6-7). The decision did not discuss or decide any issue of who or what entity was responsible for paying any of the attorney's fees for this case. This court, by citing *Perdue* and its quoting from Judge Posner's decision in *Cooper v. Casey*, 97 F. 3d914, 920 (7th cir. 1996), in no way suggested any belief that the City was liable for the attorney's fees awarded to plaintiff in this case. (Mem. Op. and Order, Dkt. 117, at 6-7).

Plaintiff cites two other cases, *City of Riverside v. Rivera*, 477 U.S. 561 (1986), and *Perkins v. New Orleans Athletic Club*, 429 F.Supp. 661 (E.D. La. 1976), to argue that the City cannot complain about payment of Section 1988 fees when it chose to litigate rather than settle plaintiff's case prior to trial. Neither *Riverside* and *Perkins* discuss a municipality's liability for attorney's fees arising out of punitive damages. These cases simply do not support plaintiff's proposition that a municipality must pay any attorney's fees incurred for punitive fees. As discussed above, the decisions in *Robinson*, *Richardson* and *Marshall* have squarely addressed the issue of punitive awards and attorney's fees and have decided this issue contrary to plaintiff's position.

**E. The "Policy" Behind Section 1988 Does not Mandate the City's Payment of Punitive Damage Attorney's Fees.**

Plaintiff's petition submits that unless the City of Chicago pays for the requested attorney's fees, the purposes of §1988 are undermined because competent counsel would be inhibited from handling §1983 cases. (Dkt. No. 120 at ¶ 10). Plaintiff cites no case to support his position that non-payment of attorney's fees arising from a judgment for punitive damages undermines any policy behind 42 U.S.C. §§1983 or 1988. On the contrary, the Supreme Court's decision in *City of Newport v. Fact Concerts*, 453 U.S. 247, 271, 101 S. Ct. 2748 (1981) held that Congress did not eliminate the immunity of municipalities to punitive damages under 42 U.S.C. §1983 and rejected any argument that "policy" considerations overrode this immunity. *Id*. at 265-266:

> "[A]n award of punitive damages against a municipality "punishes" only the taxpayers, who took no part in the commission of the tort. These damages are assessed over and above the amount necessary to compensate the injured party. Thus, there is no question here of equitably distributing the losses resulting from official misconduct…Indeed, punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers."

*Newport*, 266-267. In light of this rationale, plaintiff's "policy argument" is clearly unpersuasive.

Plaintiff's reliance on *Graham v. Sauk Prairie Police Commission*, 915 F.2d 1085, 1108 (7th Cir. 1990), is equally misguided. In *Graham*, the jury did not award punitive damages. The municipality in that case unsuccessfully argued that it was not obligated to indemnify its employee under a Wisconsin statute for the judgment or attorney's fees, claiming that he acted outside the scope of employment. In this case, the City has made no scope of employment argument. Accordingly, *Graham* has no bearing here. If anything, *Graham* supports the City's

position because it acknowledged *Newport's* holding that municipalities are immune from punitive damages in federal civil rights suits. *See Graham,* 915 F.2d 1085 at 1090*. Graham* also noted that a state indemnity statute may waive municipal immunity for punitive damages. *Id*., but the Illinois indemnification statute provides no such waiver. 745 ILCS 10/9-102.  Plaintiff's policy argument is thus without support and should be rejected.

Wherefore, for the reasons stated above, Respondent, City of Chicago respectfully requests that this Court deny Plaintiff's Petition for Indemnification and Motion for Writ of Execution.

                              Respectfully submitted,

                              /s/ Thomas J. Platt
                              Attorney for Respondent, City of Chicago

30 N. LaSalle Street
Suite 900
Chicago, Illinois  60602
(312)-744-4833                               September 4, 2013

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have caused true and correct copies of the above stated motion to be served via the electronic filing CM/ECF system of the Northern District of Illinois to the persons named below above at the addresses therein shown on September 4, 2013.

| | |
|---|---|
| Alan Saltpeter | James Daffada |
| Ross Neihaus | Leinenweber Baroni and Daffada |
| Kaye Scholer LLP | 203 N. LaSalle St. #1620 |
| 70 W. Madison, Suite 4200 | Chicago, Illinois 60601 |
| Chicago, Illinois 60602 | |

              /s/ Thomas J. Platt